UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 1:15 CR 68-1 |
| Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| GILBERT MENDEZ, | ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case are the following motions filed by Defendant Gilbert Mendez ("Defendant"), *pro se*: Motion to Disqualify (ECF No. 185); Motion to Dismiss for Conflict of Interest (ECF No. 188); and Motion to Dismiss ("Second Motion to Dismiss") (ECF No. 189). For the reasons that follow, the court denies each of Defendant's motions.

## I. BACKGROUND

Defendant was indicted by a grand jury on February 11, 2015, on the following charges: one count of conspiracy with intent to distribute cocaine, in violation of 21 U.S.C. § 846; four counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and three counts of use of communication facility in felon act related to controlled substance, in violation of 21 U.S.C. § 843(b). (Indictment, ECF No. 3-1.)

On November 15, 2017, Defendant filed a Motion to Disqualify, to which the Government filed a Response (ECF No. 186) on November 28, 2017. Defendant then filed a Motion to Dismiss for Conflict of Interest, to which the Government filed its Response (ECF No. 188) on December

29, 2017. On December 29, 2017, Defendant filed his Second Motion to Dismiss. The Government responded (ECF No. 194) to Defendant's Second Motion to Dismiss on January 12, 2018.

## II. LAW AND ANALYSIS

### A. Motion to Disqualify

In his Motion to Disqualify, Defendant argues that the court should disqualify Government Attorney Michelle M. Baeppler because she has a personal interest in the case due to her affiliation with the private investigation firm, Discovery Investigations, LLC ("Discovery"), and because of alleged misconduct by Discovery in its investigation of Defendant. Defendant requests a hearing on the matter and attaches only registration information regarding several investigation corporations, one of which associates Michelle Baeppler with Discovery, to support his Motion to Disqualify. Specifically, Defendant asserts that Discovery is owned by Ms. Baeppler's husband and that Discovery violated Defendant's rights by surveilling him. Defendant does not present any evidence of surveillance of him by Discovery. In its Response (ECF No. 186), the Government indicates that Defendant's allegations "have no basis in fact.' (Gov.'s Response 1.) The Government attests that Discovery was not involved in the investigation of Defendant or his alleged co-conspirators, nor was any member of the Baeppler family. Even more, the government indicates that it has confirmed with several law enforcement officers responsible for the investigation of Mr. Mendez that neither Discovery, nor members of the Baeppler family, were involved in the investigation of Mr. Mendez. In light of these assertions, the Government concludes that Ms. Baeppler has no personal stake in the investigation of Defendant. Additionally, in its Response to Defendant's later Motion to Dismiss for Conflict of Interest, the Government notes that new counsel, Patrick Burke, has been appointed to appear on behalf of the Government.

Having reviewed this matter, the court denies Defendant's Motion to Disqualify, as well as his request for a hearing. Federal prosecutors are subject to state ethics guidelines to the same extent and manner as other attorneys in that state. 28 U.S.C. § 530B(a). Thus, federal prosecutors in the Northern District of Ohio are subject to the Ohio Rules of Professional Conduct, which, among other things, govern conflicts of interest. Rule 1.7(a)(1)(2) of the Ohio Rules of Professional Conduct, which Defendant relies upon in his Motion to Disqualify, indicates that there is a conflict of interest where there is "a *substantial* risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited by . . . the lawyer's own personal interests." Motions to disqualify are generally disfavored. *See United States v. Bros.*, 856 F. Supp. 370, 375 (M.D. Tenn. 1992).

In the present case, Defendant has not demonstrated that there is a substantial risk that Ms. Baeppler's ability to carry out the appropriate course of action will be limited by her own personal interests. Defendant has not presented the court with any evidence to suggest that Discovery or any members of Ms. Baeppler's family were involved in any manner in the investigation of his case. The Government has attested that it has confirmed with Discovery and law enforcement officers involved in the investigation of Defendant that neither Discovery, nor any firms affiliated with Ms. Baeppler, were involved in the investigation of the present case. Given the absence of any evidentiary material to support Defendant's allegations of an alleged conflict of interest and the attestations of the Government very clearly stating that there has been no involvement of investigation firms associated with Ms. Baeppler in the investigation of this case, the court finds that Ms. Baeppler should not be disqualified from this case and that Defendant is not entitled to a hearing on the matter.

**B. Motion to Dismiss for Conflict of Interest**

In Defendant's Motion to Dismiss for Conflict of Interest, Defendant furthers the same argument in his Motion to Disqualify regarding Discovery Investigations. Defendant also argues that he was never indicted, apparently because the name Gilbert Mendez Caraballo does not appear on the documentation in this case. Defendant maintains that his name is Gilbert Mendez Caraballo, not Gilbert Mendez. Additionally, Defendant argues that he never received his *Miranda* warnings. In its Response, the Government argues that Defendant's assertions are without merit and that Defendant's argument regarding a conflict of interest is moot because new counsel will now appear on behalf of the Government for reasons unrelated to Defendant's motions. Additionally, the Government states that Defendant failed to identify any statements that were taken in violation of *Miranda* and that a motion to suppress would be the appropriate remedy for such violations.

The court denies Defendant's Motion to Dismiss for Conflict of Interest. The court rejects Defendant's conflict of interest claims for the same reasons, stated above, that it denies his Motion to Disqualify. The court finds that Defendant was indeed indicted by a grand jury on February 11, 2015. At the present time, the court will proceed in this case using the name under which Defendant was indicted, Gilbert Mendez. Additionally, the court finds that Defendant has failed to identify any statements taken in violation of *Miranda v. Arizona*, 384 U.S. 436, 479 (1966). Furthermore, as noted by the Government, the proper vehicle for Defendant to bring such claim is through a motion to suppress.

**C. Second Motion to Dismiss**

Next, the court considers Defendant's Second Motion to Dismiss. In this brief motion, Defendant argues that the court must divest jurisdiction due to the unlawful surveillance, use of a Taser, and forcible abduction from Mexico of Defendant by actors working on behalf of Government

- 4 -

officials. He alleges that he was handed over to Mexican authorities "under false pretenses." Defendant requests a hearing on the matter. In response, the Government indicates that Defendant's motion is without merit. The Government states that Defendant was lawfully arrested by Mexican law enforcement agents and deported to Government agents. Furthermore, the Government argues that even if Defendant's factual claim had merit, the Supreme Court of the United States has held that a forcible seizure in another country does not prohibit a trial in a court in the United States for violations of laws of the United States. (Gov.'s Resp. 2-4.) (citing *Ker v. People of State of Illinois*, 119 U.S. 436 (1886); *Frisbie v. Collins*, 342 U.S. 519 (1952); *United States v. Alvarez-Machain*, 504 U.S. 655 (1992)).

The court denies Defendant's Second Motion to Dismiss, as well as Defendant's request for a hearing on the matter. As the Government has explained in its Response, the fact of a Defendant's forcible abduction from Mexico would not "prohibit his trial in a court in the United States for violations of the criminal laws of the United States." *See Alvarez-Machain*, 504 U.S. at 670. In *Alvarez-Machain*, the defendant was forcibly abducted from Mexico and flown to the United States. *See id*. at 657. The United States Drug Enforcement Agency ("DEA") was involved in the abduction. *See id*. The Supreme Court found that the Extradition Treaty between the United States and Mexico does not prohibit international abductions and denied the defendant's motion to dismiss. *See id*. at 669. In its ruling, the Supreme Court cited long-standing precedent regarding alleged violations of an extradition treaty and proceedings against a defendant brought before the court by means of forcible abduction. *See id*. (citing *Ker*, 119 U.S.). The Supreme Court's rulings in *Alvarez-Machain* and *Ker* apply to the present case. Even if defendant were forcible abducted, this court maintains jurisdiction over his trial for violations of criminal laws of the United States. Consequently, Defendant is not entitled to the requested relief, nor an evidentiary hearing, regarding this matter.

### III. CONCLUSION

For the foregoing reasons, the court denies Defendant's Motion to Disqualify (ECF No. 185), Defendant's Motion to Dismiss for Conflict of Interest (ECF No. 188), and Defendant's Motion to Dismiss (ECF No. 189).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

February 12, 2018